# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **PRÓSPERA AFRICA LLC,**<br>    *Petitioner,*<br>v.<br>**MAGATTE WADE,**<br>    *Respondent.* | Civil Action No. 1:26-cv-00060-RP-ML |

## PETITIONER'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION TO CONFIRM PURSUANT TO FED. R. CIV. P. 15(a)(2)

### INTRODUCTION

1. Wade raises new arguments and requests for relief in her Motion to Dismiss Reply Brief consisting of an objection to diversity jurisdiction and request for stay (ECF No. 39 at 8). Ordinarily, new matters raised on reply should be stricken. But rather than filing a FRCP 12(f) motion to strike, or otherwise seeking leave to file a surreply, Petitioner submits that judicial economy is better served by granting Próspera Africa leave to amend its confirmation petition pursuant to FRCP 15(a)(2) and 28 U.S.C. § 1653. Accordingly, Petitioner Próspera Africa LLC ("Próspera Africa") respectfully moves this Court for leave to file a Second Amended Petition to Confirm Emergency Interim Measures Award (**Exhibit AA**).

2. The proposed amendment primarily corrects Próspera Africa's jurisdictional allegations to replace diversity jurisdiction under 28 U.S.C. § 1332 with federal question jurisdiction under 9 U.S.C. § 203, implementing the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). A handful of clarifying housekeeping edits are made as well. No new claims, parties, or substantive facts are added. (*Compare* **Exhibit AA** (clean copy with declaration and exhibits reconsolidating the previously filed supporting materials at ECF Nos.

10-1, 16), *with* the redlined comparison to the current Amended Petition (ECF No. 10) attached as **Exhibit BB**.)

3. Despite the activity in it, this case is still very early stage. It was filed fewer than 60 days ago; thus, the parties are technically still within the window of Respondent's initial responsive pleading deadline based on service waiver. The sole motion pending—Respondent's Rule 12(b)(1) Motion to Dismiss (ECF No. 13)—is fully briefed but unresolved. The proposed amendment does not necessarily disrupt that briefing. Every argument in Próspera Africa's filed Opposition (ECF No. 16) remains fully operative through 9 U.S.C. § 208's residual application of FAA Chapter 1 to Chapter 2 proceedings (with only one possible exception, discussed below).

4. Under *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "shall be freely given when justice so requires." Every *Foman* factor favors Próspera Africa: the motion is brought promptly, in good faith, corrects a genuine jurisdictional deficiency, causes no undue prejudice, and is far from futile. The Fifth Circuit independently holds that 28 U.S.C. § 1653—which authorizes correction of "[d]efective allegations of jurisdiction" at any stage—"is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (citation omitted). Leave should be granted.[1]

---

[1] For the sake of an accurate record, Petitioner has requested that Wade correct the following misstatements in her reply brief: (1) Wade states that "Nick Dranias represents PALLC in both lawsuits pending in federal district courts—this lawsuit, as well as Ms. Wade's [Wyoming] defamation lawsuit," (ECF 39 at 8n.3), when, in fact, Próspera Africa is only represented by Caleb Wilkins and Jack Martin of the Coal Creek Law Firm in the Wyoming case; (2) while criticizing the timing of the February 25, 2026 disclosure of the arguable loss of diversity jurisdiction in the Wyoming case, Wade neglects to mention Petitioner's earlier February 18, 2026 disclosure here (*compare* ECF No. 35 ¶5 *with* ECF 39 at 8); and (3) Wade states "Mr. Dranias suggested via email that diversity jurisdiction is evaluated differently in the Fifth and Tenth Circuits," (ECF 39 (Exhibit V) at 4), when her own evidence shows he only stated, "I think the legal question is more complex in the 5th Circuit than meets the eye."

## BACKGROUND

5. Próspera Africa filed the original Petition to Confirm on January 12, 2026, alleging subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). ECF No. 1. On January 23, 2026, Próspera Africa filed its Amended Petition (ECF No. 10) after the arbitration's Austin locale was established.

6. On February 18, 2026, Próspera Africa filed its Second Supplemental FRCP 7.1 Corporate Disclosure (ECF No. 35), which disclosed that, upon information and belief, a Texas citizen holds a profit interest in Roatan Ventures, LLC—an entity within the ownership structure of NeWay Capital LLC ("NeWay"), Próspera Africa's sole member. The supplemental disclosure advised the parties and the Court that this Texas citizen's membership may defeat complete diversity with Respondent Wade. (*Id.* at ¶5.)

7. That same disclosure, however, reconfirmed that NeWay's membership includes substantial foreign ownership: four Panama corporations and one British Virgin Islands corporation. There is also, upon information and belief, one Canadian citizen holding an indirect interest through Roatan Ventures, LLC. In the aggregate, direct and indirect foreign-entity ownership constitutes approximately 30% of NeWay, which translates to approximately 25% of Próspera Africa based on NeWay's 90% ownership interest.

8. Based on the "look-through" citizenship jurisdictional rule applicable to LLCs, this foreign ownership creates an independent and textually express basis for federal jurisdiction under 9 U.S.C. § 203. Further, and alternatively, the underlying commercial relationship involves property located abroad, envisages performance or enforcement abroad, and has a reasonable relation with one or more foreign states. Thus, because the commercial relationship underlying the arbitration is not "entirely between citizens of the United States" within the meaning of 9 U.S.C.

§ 202, this proceeding falls under the New York Convention. Section 203 provides that such proceedings "shall be deemed to arise under the laws and treaties of the United States," with federal jurisdiction "regardless of the amount in controversy."

9. Próspera Africa moves for leave to amend to correct the jurisdictional allegations accordingly. The proposed Second Amended Petition replaces the § 1332 diversity basis with § 203 federal question jurisdiction, adds a confirmation track under § 207 of the FAA, and preserves every existing Chapter 1 argument through § 208's residual application.

## LEGAL STANDARD

10. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." The Supreme Court has interpreted this standard with "a strong presumption in favor of granting leave to amend." *Foman*, 371 U.S. at 182. Leave should be denied only when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*

11. Where the amendment corrects jurisdictional allegations, the liberal standard of Rule 15(a)(2) is reinforced by 28 U.S.C. § 1653, which provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653 "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 888. The Fifth Circuit has explained that "a motion for leave to amend should be granted if it would do nothing 'more than state an alternative jurisdictional basis for recovery upon the facts previously alleged.'" *Id.* (quoting *Miller*, 636 F.2d at 990).

**ARGUMENT**

I. **THE AMENDMENT CORRECTS DEFECTIVE JURISDICTIONAL ALLEGATIONS USING THE FACTS ALREADY IN THE RECORD.**

12. The Fifth Circuit in *Whitmire v. Victus Limited* addressed a situation functionally identical to this one. The plaintiff had prosecuted her case in federal court for eighteen months under federal question jurisdiction. When the district court granted summary judgment on the federal claims, the plaintiff moved to amend her complaint to allege diversity jurisdiction—an alternative basis that had existed from the outset but had never been pleaded. 212 F.3d at 886–87. The district court denied leave. The Fifth Circuit reversed, holding the denial was an abuse of discretion. *Id.* at 889–90.

13. The Court's reasoning controls here. *Whitmire* drew a critical distinction between amendments that "retroactively create jurisdiction" where none existed—which § 1653 prohibits—and amendments that "merely state and support an alternative pre-existing jurisdictional base," which "fall within the ambit of § 1653" and must be freely allowed. *Id.* at 890. The Court specifically rejected the argument that alleging a "new and distinct jurisdictional basis" is inherently improper, explaining that this phrase "was never intended as a means of undermining the liberal construction we always give § 1653." *Id.* at 890 n.5. The phrase instead targets only "the retroactive creation of jurisdiction"—an entirely different concern. *Id.*

14. Próspera Africa's proposed amendment fits squarely within *Whitmire*'s safe harbor. Jurisdiction under 9 U.S.C. § 203 has existed from the inception of this case. The foreign ownership and international elements of the parties' venture that trigger § 202 coverage predates the filing of the original Petition on January 12, 2026. The proposed amendment adds no new claims, no new parties, and no new substantive facts—it "merely state[s] and support[s] an alternative pre-existing jurisdictional base" that the factual record already establishes. *Id.* at 890.

15. Moreover, the Fifth Circuit has confirmed that an amendment changing the jurisdictional basis relates back to the original filing date. In *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir. 1994), the Court held that "[a] complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction. If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed." (quoting *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1070 (5th Cir. 1981)). The Court explicitly held that "[r]elation back to the date of the original filing applies even when the amendment states a new basis for subject matter jurisdiction." *Id.* at 954 (citations omitted).

16. Here, the proposed amendment arises from the identical conduct and occurrences as the original Petition—the same arbitration agreement, the same Emergency Arbitrator, the same Award, and the same Respondent. It relates back to January 12, 2026.

## II. EVERY *FOMAN* FACTOR FAVORS LEAVE TO AMEND.

17. *No undue delay.* This case was filed on January 12, 2026—fewer than sixty days ago. The proposed amendment comes within two weeks of Próspera Africa's corrected Rule 7.1 disclosures. In *Whitmire*, the Fifth Circuit granted leave where the plaintiff had waited <u>eighteen months</u> before amending and even "violated a specific court order imposing reasonable time constraints on amendment," noting that "judicial economy is ultimately served by allowing these amendments." 212 F.3d at 890 n.4. This case presents far less delay and no scheduling-order violation.

18. *No bad faith or dilatory motive.* Próspera Africa promptly filed a corrected Rule 7.1 disclosure five weeks after initiating this proceeding; and less than two weeks later has identified

the superior Convention jurisdictional basis that clearly relates back to the original filing.

19. ***No undue prejudice to Respondent.*** Yes, Próspera Africa could defend the existence of complete diversity by mounting a good faith effort to change governing precedent through invoking scholarly critiques and expanding certain foothold precedents; but such a worthy effort is far less likely to promote judicial efficiency and cost efficiency for the parties given the jurisdictional alternative presented here. It is better for everyone to make the proposed jurisdictional correction. Further, the Chapter 1 FAA arguments briefed by both sides continue to apply through § 208. The amendment injects no new claims, parties, or substantive facts into the case, with the sole exception of the "binding" standard applicable to awards under the Convention, which only becomes relevant if the sufficient finality standard of chapter 1 FAA is deemed not met. Thus, the parties do not necessarily need to brief any new issue, unless the Court believes the "binding" award standard of the New York Convention is <u>dispositive</u>.[2] But even if such briefing were required, it is essentially the same burden as litigating a motion for leave to file surreply to address Wade's newly raised jurisdictional objection and stay request. Thus, on balance, there is no undue prejudice to Respondent. As in *Whitmire*, the amendment seeks only to "see [the case] through to its conclusion in the same forum in which it started." 212 F.3d at 890.

20. ***No futility.*** The proposed § 203 jurisdictional basis is textually express and factually well-supported. Approximately 25% of Próspera Africa's indirect ownership is foreign-linked,

---

[2] The New York Convention deliberately replaced the 1927 Geneva Convention's requirement that an award be "final" with the requirement that it be merely "binding." *See* Albert Jan van den Berg, *The New York Arbitration Convention of 1958: Towards a Uniform Judicial Interpretation* 333 (1981), available at https://www.newyorkconvention.org/media/uploads/pdf/2/1/211_nyac-i.pdf. If the Court has any hesitation about whether the Emergency Arbitrator's interim injunctive Award satisfies the "sufficiently final" standard under § 9—a question on which Próspera Africa's briefing demonstrates the answer is yes—the Convention's "binding" standard eliminates that concern entirely. An award is "binding" if it is operative and enforceable between the parties, even if it is subject to future modification, which is true of a preliminary injunction.

making the relationship underlying the arbitration agreement not "entirely between citizens of the United States" under § 202. Additionally, as the Second Amended Petition details at ¶12, there are extensive international connections that fulfill § 202's three exceptions. Section 203 provides federal jurisdiction "regardless of the amount in controversy." This is not a marginal or speculative jurisdictional theory—it is a direct statutory grant triggered by undisputed facts.

21. *No repeated failure to cure.* This is Próspera Africa's first jurisdictional motion for leave to amend that requires consent or leave of Court. The prior Amended Petition (ECF No. 10) was filed as a matter of right to eliminate any possible venue dispute after the parties agreed on the Austin, TX locale of the underlying Arbitration.

### III.  SECTION 1653 INDEPENDENTLY CONFIRMS THAT JUSTICE REQUIRES LEAVE TO AMEND.

22. Although Próspera Africa proceeds under Rule 15(a)(2), the policy animating 28 U.S.C. § 1653 further demonstrates that justice requires leave. Section 1653 authorizes correction of defective allegations of jurisdiction in the trial or appellate courts—at any stage of the proceedings. § 1653 exists precisely to ensure that cases with proper jurisdiction are not dismissed on account of defective pleading.

23. The Fifth Circuit has "repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 888. The policy behind this broad construction is evident: "The alternative course requires one of our state court brethren to take on the case . . . and begin the case anew." *Id.* at 890. That concern applies with particular force here, where this Court has already invested judicial resources in the pending motion to dismiss and associated filings. Dismissal for want of diversity jurisdiction—only to have Próspera Africa refile under § 203 the next day—would waste this Court's resources, the parties'

resources, and the resources of the Emergency Arbitrator who found Respondent engaged in "clear self-dealing" and enjoined further misappropriation of company assets.

24. The *Whitmire* Court recognized that the same liberal standard governs both § 1653 and Rule 15(a) amendments, explaining that "the propriety of allowing amendment to cure jurisdictional defects should be governed by the same standard as other amendments to pleadings, namely the standard set forth by the Supreme Court" in *Foman*. 212 F.3d at 889. Because Próspera Africa satisfies every *Foman* factor, and because § 1653's policy of preserving cases with valid but defectively alleged jurisdiction applies with full force, justice requires that leave be granted.

## CONCLUSION

25. For the foregoing reasons, Petitioner respectfully requests that this Court grant leave to file the attached Second Amended Petition to Confirm (**Exhibit AA**), together with its supporting declaration and exhibits.

Dated: March 2, 2026

Respectfully submitted,

/s/ Jeanette K. Doran
Jeanette K. Doran
(appearing pro hac vice)
Law Office of Jeanette K. Doran
2012 Timber Drive
Raleigh, NC 27604
NC State Bar No. 29127
Email: jeanette@jkdoranlaw.com
Tel: 919-332-2319
Lead Counsel for Petitioner Próspera Africa LLC

/s/ Nicholas C. Dranias
Nicholas C. Dranias
Nick Dranias Law & Policy Analysis LLC
3145 E. Chandler Blvd. Ste. 110-645
Phoenix, AZ 85048
TX State Bar No. 24101333

Email: ndranias@ndlawpolicy.com
Tel: 602-228-2582; Fax: 602-483-1658
Non-Resident Local Counsel for Petitioner
(Admitted to practice in U.S. District Court,
Western District of Texas) (Sponsor Only)

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), the undersigned certifies that, on March 1 and 2, 2026, counsel for Petitioner initiated a conference by email with counsel for Respondent regarding the relief requested in this motion. In furtherance of such efforts, and in response to a request from Respondent's counsel on March 2, 2026, Petitioner furnished counsel with a redlined copy of the proposed Second Amended Petition to Confirm for review; and requested Wade's consent or non-opposition to the amendment. Afterward, Respondent's counsel stated on March 2, 2026 that Wade does not consent to the amendment.

/s/ Jeanette K. Doran
Jeanette K. Doran
Lead Counsel for Petitioner

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that on March 2, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record in compliance with the service requirements of the applicable rules. In addition, I will serve or cause the service on March 2, 2026 a courtesy copy of such filing via electronic mail to the law firm(s) and attorney(s) of record for Respondent, as well as by facsimile to Mr. Eric Schlabs and Ms. Olivia Sullivan, of Benesch, Friedlander, Coplan & Aronoff LLP.

Dated: March 2, 2026                                    /s/ Jeanette K. Doran