IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PRÓSPERA AFRICA LLC,**<br>*Petitioner,*<br><br>v.<br><br>**MAGATTE WADE,**<br>*Respondent.* | Civil Action No. 1-26-cv-00060-RP-ML |

**[PROPOSED] ORDER CONFIRMING EMERGENCY INTERIM AWARD**

Before the Court is Petitioner Próspera Africa LLC's Second Amended Petition to Confirm Emergency Interim Award. Having reviewed the petition, the Emergency Interim Award issued December 8, 2025, as clarified, the fully executed escrow agreement, and being otherwise fully advised, the Court finds and ORDERS as follows:

**FINDINGS OF FACT**

1. The parties' Operating Agreement Section 15.9(a) contains a valid and enforceable arbitration clause requiring arbitration of disputes arising out of or relating to the Agreement in accordance with American Arbitration Association Commercial Arbitration Rules.

2. On December 8, 2025, Emergency Arbitrator Justice James R. Zazzali (Ret.), appointed by the AAA pursuant to Rule R-39, issued an Emergency Interim Award (the "Award") following full briefing and oral argument consisting of a preliminary injunction. The Award was clarified on December 29, 2025.

3. The Emergency Arbitrator made the following rulings in the Award:

(a) "[T]he 2025 IP Assignment is a clear act of self-dealing and likely constitutes a breach of Wade's fiduciary duties to the Company." (Ex. B at 13.)
(b) "Claimant is correct that Wade's resignation and withdrawal was in violation of the Operating Agreement" (Ex. B at 12.)
(c) Wade's dissociation from the Company was "wrongful," rendering her liable to other Members for their ensuing damages. (Ex. B at 12, citing Wyo. Stat. § 17-29-601(c).)
(d) "Claimant has shown a likelihood of success of showing that the 2025 IP Assignment was an invalid, ultra vires act." (Ex. B at 12-13.)
(e) "Wade is likely still subject to common-law and contractual duties of confidentiality to PALLC." (Ex. B at 18.)

4. The Award, as clarified, preliminarily enjoins Respondent Magatte Wade from "claiming any ownership interest in, or exercising any ownership rights over, the intangible property described in the IP Assignment included in Exhibit A to the Operating Agreement (including the 'Cheetah Cities' brand and associated goodwill as applied to charter cities or special economic zones)." (Award at 21.)

5. On December 29, 2025, the Emergency Arbitrator extended the bond deadline to January 5, 2026, and authorized satisfaction through AAA cash escrow. Petitioner deposited $500,000 with the AAA on or before December 31, 2025. Both parties' counsel fully executed the escrow agreement by January 4, 2026. The AAA transmitted the fully executed agreement on January 8, 2026.

6. On December 31, 2025, the AAA transmitted the Emergency Arbitrator's final R-39 orders, which reported he is *functus officio* as to the December 8, 2025 Award and lacks authority to modify or supplement it as of his December 30, 2025 order. Consequently, as a practical and legal matter, Award finally resolves discrete issues which can only be altered by the merits arbitrator upon proof of changed circumstances.

7. As a preliminary injunction, the Award is sufficiently final to be immediately confirmable under the Federal Arbitration Act, 9 U.S.C. §§ 9, 207, and 208.

8. No grounds exist under 9 U.S.C. §§ 10 or 208 to vacate, modify, or correct the Award.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction under 9 U.S.C. § 203.

2. Venue is proper in this District under 9 U.S.C. §§ 9 and 204.

3. The Court has personal jurisdiction over Respondent, who resides within this District.

4. The Award is valid, final, and binding on the parties.

5. Confirmation is mandatory under 9 U.S.C. §§ 9 and 207 absent grounds for vacatur, modification, or correction under 9 U.S.C. §§ 10-11 or 208.

6. No party has established any ground for vacatur, modification, or correction.

## ORDER

IT IS HEREBY ORDERED that:

1. Petitioner's Second Amended Petition to Confirm Emergency Interim Award is **GRANTED**.

2. The Emergency Interim Award issued December 8, 2025, by Emergency Arbitrator Justice James R. Zazzali (Ret.) is **CONFIRMED** in all respects.

3. **JUDGMENT** is entered in favor of Petitioner Próspera Africa LLC and against Respondent Magatte Wade as follows:

> Respondent Magatte Wade is **ENJOINED** from claiming any ownership interest in, or exercising any ownership rights over, the intangible property described in the IP Assignment dated April 23, 2024, attached as Exhibit A to the Operating Agreement of Próspera Africa LLC (including the "Cheetah Cities" brand and associated goodwill as applied to charter cities

or special economic zones), and shall not hold herself out as the owner of such intellectual property.

4. This judgment has the same force and effect as, and is subject to all provisions of law relating to, a preliminary injunction judgment in a civil action, and may be enforced as if it were such a judgment of this Court in a civil action. 9 U.S.C. §§ 9, 13, 207, 208.

5. This judgment does not affect or determine the parties' other pending arbitration claims. The merits arbitration before a permanent arbitrator shall proceed in accordance with the parties' arbitration agreement and applicable AAA rules.

6. Each party shall bear its own costs and attorney's fees incurred in this confirmation proceeding.

7. The Clerk is directed to enter this Order entering judgment confirming the arbitral preliminary injunction award pursuant to 9 U.S.C. §§ 9, 13, 207, 208, and Federal Rule of Civil Procedure 58.

**SIGNED this \_\_\_ day of _____, 2026.**

_____
UNITED STATES DISTRICT JUDGE