**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PROSPERA AFRICA LLC, *Petitioner*, v. MAGATTE WADE, *Respondent*. | Civil Action No. 1:26-cv-00060-RP-ML |

**RESPONDENT MAGATTE WADE'S NON-OPPOSITION RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION TO CONFIRM**

Respondent Magatte Wade, by and through the undersigned counsel, submits this Non-Opposition Response to Plaintiff's Motion for Leave to File Second Amended Petition to Confirm Pursuant to Fed. R. Civ. P. 15(a)(2). In support of her Response, Ms. Wade states as follows:

1.      On January 12, 2026, Petitioner Prospera Africa, LLC ("PALLC") filed its original Petition to Confirm Arbitration Award with this Court. (ECF No. 1.)  Then, on January 23, 2026, PALLC filed an Amended Petition to Confirm Arbitration Award. (ECF No. 10.)

2.      On January 23, 2026, Ms. Wade filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 13.) PALLC's Opposition to Ms. Wade's Motion to Dismiss was filed on February 12, 2026. (ECF No. 31.) Ms. Wade filed her Reply on February 26, 2026 (ECF No. 39), and briefing on Ms. Wade's Motion to Dismiss is now complete and is awaiting adjudication by this Court.

3.      On March 2, 2026, PALLC filed its Motion for Leave to File Second Amended Petition to Confirm (the "Motion"). (ECF No. 40.) In PALLC's Motion, it asserts that this Court

-1-

has jurisdiction to confirm the decision entered in the AAA proceeding, pursuant to the New York Convention vis-à-vis the Federal Arbitration Act. (*Id*. at ¶ 2.)

4.      As an initial matter, Ms. Wade does not oppose PALLC's Motion. PALLC indicated in its Motion that if it is not granted leave to amend, it will file a new action. (ECF No. 40 at ¶ 23.) As such, Ms. Wade believes that it is in her best interest[1] and for the sake of judicial economy, to allow the amendment in this Court and proceed directly to the merits of the dispute. Ms. Wade files this Response to reserve her rights.

5.      *First*, Ms. Wade reserves the right to challenge PALLC's Second Amended Petition on the basis of lack of subject matter jurisdiction. Regardless of which provision of the FAA PALLC relies on to move for confirmation of the interim AAA decision, Ms. Wade will move (again) to dismiss for lack of subject matter jurisdiction because a final award has not been issued. (*See* ECF No. 13 at 10-17.) PALLC's Motion is futile because the same flaw will still exist—a lack of subject matter jurisdiction, but Ms. Wade will raise that argument again in her motion to dismiss, rather than brief it here.

6.      *Second*, judicial economy and the interests of both parties would be served by staying PALLC's Motion until after the Court rules on Ms. Wade's Motion to Dismiss. As PALLC has indicated, it will continue to file either amended petitions for confirmation or will file entirely new actions seeking confirmation. (ECF No. 40 at ¶ 23.) It is clear from these actions that PALLC seeks to deprive Ms. Wade of a dispositive remedy. PALLC's ability to do so would be directly limited if this Court granted Ms. Wade's Motion to Dismiss with prejudice. Granting the Motion

---

[1] Ms. Wade is an individual Respondent, and as such, has more limited resources than PALLC. PALLC's serial amendments are both expensive and time-consuming to address. As such, Ms. Wade seeks to resolve the dispute between the parties as efficiently as possible.

to Dismiss with prejudice would be appropriate here—if the Court does not have subject matter jurisdiction because there is not a final award, that is a problem that could not be remedied.

7.    *Finally*, Ms. Wade notes that this Court has the ability, sua sponte, to dismiss this matter for lack of subject matter jurisdiction at any time. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021);  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If this Court believes that it lacks subject-matter jurisdiction under the FAA or the New York Convention because no final arbitral award has been issued, it may so decide. The Court need not wait for the parties to brief another motion to dismiss.

8.    Based on the foregoing, Ms. Wade does not oppose PALLC's Motion for Leave to File Second Amended Petition, but files this Response as a full reservation of her rights to challenge PALLC's Second Amended Petition on the basis of subject matter jurisdiction.

Dated: March 10, 2026

Respectfully Submitted,

*/s/ Katherine P. Chiarello*
Katherine P. Chiarello
Texas State Bar No. 24006994
**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
T: (512) 615-2341
F: (737) 289-4695

Kate Watson Moss (*pro hac vice*)
Olivia E. Sullivan (*pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone:  (312) 212-4949
Facsimile: (312) 767-9192
KWatsonMoss@beneschlaw.com

Rena Andoh (*pro hac vice*)
1155 Avenue of the Americas
26th Floor
New York, New York 10036
Telephone: (646) 777-0043
Facsimile: (646) 755-3397
RAndoh@beneschlaw.com

*Attorneys for Respondent Magatte Wade*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, a true and correct copy of the foregoing document was filed electronically and served on all counsel of record via the Court's CM/ECF system.

/s/ *Katherine P. Chiarello*
Katherine P. Chiarello