## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**PRÓSPERA AFRICA LLC,**
 *Petitioner,*

v.           Civil Action No. 1:26-cv-00060-RP-ML

**MAGATTE WADE,**
 *Respondent.*

### PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioner Próspera Africa LLC ("Próspera Africa") moves this Court pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule CV-26(c) for entry of a Confidentiality and Protective Order substantially conforming to Appendix H-2 to the Local Rules of this Court (**Exhibits A and B** attached). In support, Petitioner states as follows:

### INTRODUCTION

**1.** The protective-order standard is distinct from—and less demanding than—the standard for sealing judicial records, which additionally requires the movant to displace the public's presumptive right of access. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–19 (5th Cir. 2021). Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue a protective order "for good cause" to shield a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule specifically contemplates protection of "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The burden falls on the movant to make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Once good cause is shown, the trial court retains "substantial latitude to fashion protective orders" calibrated to the circumstances. *Seattle*

1

*Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**2.** By seeking a protective order under these standards, the filing of this motion is a continuation of reasonable efforts to protect confidential information and trade secrets. This motion asks the Court to enter an adapted Appendix H-2 protective order governing four narrow categories of trade secret and investor information—each already established as warranting protection through sworn declarations and three previously granted motions to seal. *See* First Motion to Seal, ECF 7 at 2-8 (Brimen Decl. at ¶¶7–9), Second Motion to Seal, ECF 8 at 2-4 (*Id.*), Third Motion to Seal, ECF 27 at 2-4 (Ex. C, Supp. Brimen Decl. at ¶¶4, 5, 7, 10-12 (Exs. 18, 19, 24)), 38, 43; January 22, 2026 Minute Orders (granting ECF 7, 8); March 2, 2026 Minute Order (granting ECF 27). The categories are supported by specific factual predicates including trade secret status, immediate competitive harm, and narrow tailoring. *Id.* They are subject to binding non-disclosure agreements predating this litigation. They are covered by a stipulated protective order in the parallel Wyoming proceeding. *Wade v. Prospera Africa LLC et al.*, Case No. 25-CV-00285-SAH, ECF 33 (D. Wyo. Feb. 23, 2026). And yet, despite these protections, Respondent publicly filed in her Wyoming case a portion of the sealed confidential information in this case. *Id.*, ECF 47 at 3-4. Petitioner seeks to preclude further such acts and to mitigate the damage done.

## THE FACTS

**3.** Through motions to seal supported by sworn declarations, the record shows that this proceeding has involved, and is likely to continue to involve, at least four categories of confidential, sensitive, and proprietary information warranting special protection. Each of the four categories shares three features relevant to Rule 26(c) good cause. First, each concerns information that derives independent economic value from not being generally known or readily ascertainable by proper means—satisfying the threshold requirement for trade secret status under 18 U.S.C. § 1839(3). Second, each is the subject of pre-existing contractual confidentiality protections. Third,

2

for each category, the motions to seal submitted evidence of specific competitive-harm pathways that disclosure would activate. *See* First Motion to Seal, ECF 7 at 2-8 (Brimen Decl. at ¶¶7–9), Second Motion to Seal, ECF 8 at 2-4 (*Id.*), Third Motion to Seal, ECF 27 at 2-4 (Ex. C., Supp. Brimen Decl. at ¶¶4, 5, 7, 10-12 (Exs. 18, 19, 24)), 38, 43; January 22, 2026 Minute Orders (granting ECF 7, 8); March 2, 2026 Minute Order (granting ECF 27); *see also* **Exhibit C**.

**4.** The category-specific confidentiality predicates embraced by past sealing minute orders on January 22 and March 2, 2026 are summarized below.

a) **Target Country Identification**. Petitioner's target country for special economic zone development (the "Target Country," as described in First Motion to Seal (ECF 7) and Brimen Decl. ¶ 8(a)) encompasses government relationships, legislative drafting, and regulatory analysis. Respondent—then serving as COO—attributed "$2M extra value" to this position, citing the Target Country's legislative progress as of August 2025; Petitioner values it materially higher. Supp. Brimen Decl. ¶¶ 7, 9. Disclosure would enable competitors to pursue competing SEZ initiatives using Petitioner's legislative groundwork and government relationships. Brimen Decl. ¶ 8(c)(i); Supp. Brimen Decl. ¶¶ 4–5, 11.

b) **Target Property**. Petitioner's targeted large-acreage flagship development property (the "Target Property," as described in ECF 7 and Brimen Decl. ¶ 8(a)) was in near-final contract negotiations as of August 2025 and was among the assets Respondent cited in her valuation. Supp. Brimen Decl. at ¶¶4, 5, 7, 10-12. This information is not publicly known; third-party sellers operated under confidentiality understandings never waived by any authorized officer. Brimen Decl. ¶¶8-9. Disclosure would expose Petitioner to competitive interference with pending negotiations. Brimen Decl. ¶ 8(c)(ii);  .

c) **Key Personnel and Partner Identities**. Petitioner's in-country government relations specialists and legal counsel (the "Key Personnel," as described in ECF 7, ECF 27, and Supp. Brimen Decl. ¶¶ 4–5, 11) each executed an Independent Contractor Agreement on or about October 18, 2024—signed by Respondent as COO—containing a 24-month NDA tail that remains binding. Supp. Brimen Decl. at ¶¶4, 5, 7, 10-12 (Exs. 18, 19). This category also encompasses NDA-covered engagement terms and attorney work product consisting of draft model legislation and legal specifications for SEZ governance. Supp. Brimen Decl. ¶¶ 4-5, 10-11. Respondent cited Key Personnel relationships as a source of the substantial extra value she attributed to the Company. Supp. Brimen Decl. ¶ 7. Disclosure would expose Key Personnel to competitive recruitment and reveal Petitioner's strategic network. Brimen Decl. ¶ 8(c)(iii).

d) **Investor Relationships**. Próspera Africa raised more than $500,000 in SAFE capital based on representations regarding ownership of its intellectual and intangible property. Brimen Decl. ¶ 8(a). Respondent's September 10, 2025 self-dealing IP Assignment purported to transfer investor contacts, customer lists, and all SEZ-related intangible personal property

to herself. Supp. Brimen Decl. ¶¶ 3, 8. Disclosure would expose investors to competitive solicitation and undermine confidence in Petitioner's ability to maintain confidentiality. Brimen Decl. ¶ 8(c)(iv). NeWay Capital LLC holds 90% of Próspera Africa's membership interests; its sub-10% UBO passive members' names are sealed at ECF 8 (January 22, 2026 minute order) and ECF 38. The Brimen Decl. ¶8(b) stated that the governing operating agreements expressly prohibit disclosure and Second Motion to Seal at 2-3 stated they also authorized the Board to maintain confidentiality.

5. In furtherance of these confidentiality protections, Próspera Africa joined its affiliate NeWay Capital in entering into a Stipulated Protective Order in the related Wyoming federal proceeding, *Wade v. Prospera Africa LLC et al.*, Case No. 25-CV-00285-SAH, ECF 33 (D. Wyo.), on February 23, 2026. That order, entered by the Wyoming court upon a finding of good cause under FRCP 26(c), covers essentially the same categories of information at issue here, including the names of passive investors designated Attorneys' Eyes Only. The importance of maintaining confidentiality of investors as a matter of principle to protect credibility as a startup company was underscored by CEO Erick A. Brimen in a declaration filed on March 3, 2026 in the Wyoming case. (Attached hereto as **Exhibit C** is a genuine copy of the same.)

6. And yet, on March 6, 2026, Respondent filed a brief in the Wyoming proceeding that publicly identified the name of one of NeWay Capital's passive members from its confidential sub-10% UBO member list—information designated Attorneys' Eyes Only under the Wyoming Stipulated Protective Order. *Wade v. Prospera Africa LLC et al.*, Case No. 25-CV-00285-SAH, ECF 43 at 17–18 (D. Wyo.). NeWay Capital LLC's counsel notified Respondent's counsel of the violation on March 9, 2026 and again on March 10, 2026. *Id.*, ECF 47 at 4 (attached hereto as **Exhibit D** is a genuine copy of NeWay Capital's related Motion to Strike). Respondent's counsel acknowledged that the disclosed information was marked Attorneys' Eyes Only and had been filed publicly, refusing to retract it. *Id.* On March 16, 2026, NeWay Capital LLC filed a motion to strike, for further injunctive relief, and for sanctions for violation of the Wyoming Stipulated Protective Order, which is pending. **Exhibit D**.

## I. CERTIFICATE OF CONFERENCE AND IMPASSE

**7.** The central dispute concerns a public disclosure of sealed information in the Wyoming case that derives from Petitioner's original or Second Supplemental FRCP 7.1 Disclosure Statement in this case, which was served on Respondent's counsel outside CM/ECF pursuant to Local Rule CV-5.2, with express confidentiality caveats. A genuine copy of the transmission email for the Second Supplemental FRCP 7.1 Disclosure with a copy of a cover letter attachment is marked **Exhibit E**. Respondent rejects the confidentiality of these transmittals; and there is no reason to believe Respondent will back down from her stated position.

**8.** On or about March 25, 2026, Petitioner transmitted to Respondent a draft proposed Agreed Motion for Protective Order and proposed Confidentiality and Protective Order substantially conforming to Appendix H-2. On March 26, 2026, Respondent transmitted a redlined counter-proposal that stripped all protection from previously sealed confidential filings and categories in this case.

**9.** Respondent's stated position is that the Court's existing sealing orders are "entirely separate" from any protective order, and that the sealing orders establish no precedent of confidentiality that Respondent's counsel is obligated to respect outside of filings in this proceeding; apparently, even when the same information is covered by a protective order in the parallel Wyoming proceeding.

**10.** In contrast, Petitioner's position is that the proposed protective order properly formalizes the confidentiality baseline that the submitted factual predicates, the parties' contractual obligations, and the Wyoming protective order have already established—and that the Local Rule CV-5.2 sealed-service protocol, properly construed, necessarily presupposes confidential handling by receiving counsel. The parties have reached impasse on the foundational issue of this motion.

## II. GOOD CAUSE EXISTS FOR ENTRY OF THE PROTECTIVE ORDER

**11.** The Supreme Court recognizes broad district court discretion in granting protective orders for good cause. *Seattle Times Co.*, 467 U.S. at 36. Rule 26(c)(1)(G) specifically authorizes protective orders for "trade secret or other confidential research, development, or commercial information." Three times, this Court has granted motions to seal based on specific factual predicates submitted by Petitioner. While the sealing and protective-order standards are distinct in that each require their own particularized showings, Próspera Africa has satisfied both standards. *Compare In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)), *with Binh Hoa Le*, 990 F.3d at 420; *see also Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013). The factual predicates submitted with each of Petitioner's motions to seal—on which the Court relied in granting those motions—satisfy *In re Terra*'s particularity requirement directly (and exceed the evidentiary basis of the protective order affirmed in *Monsanto Co.*), as they constitute specific, sworn, non-conclusory evidence of trade secret status, competitive harm, and investor privacy. *See* First Motion to Seal, ECF 7 at 2-8 (Brimen Decl. at ¶¶7–9), Second Motion to Seal, ECF 8 at 2-4 (*Id.*), Third Motion to Seal, ECF 27 at 2-4 (Ex. C., Supp. Brimen Decl. at ¶¶4, 5, 7, 10-12 (Exs. 18, 19, 24)); *see also* **Exhibit C**.

**12.** Consequently, this proceeding should not be confused with cases where a party sought to satisfy the heavier sealing standard by relying on a prior, lighter protective-order determination. Courts reject that move because the sealing standard requires more: it obligates the movant to displace the public's presumptive right of access to judicial records, a burden the protective-order standard does not impose. *See, e.g.*, *Le*, 990 F.3d at 418–21. Here, Próspera Africa has already satisfied the heavier sealing standard three times, on a factual record, with Respondent's having

6

an opportunity to contest each motion. It now seeks the lighter determination—a Rule 26(c) protective order, which imposes no public-access burden.

**13.** Further, the Wyoming order is supplementary evidence of good cause for the proposed order in that the information's confidential character has been recognized with Respondent's agreement. *Wade v. Prospera Africa LLC et al.*, No. 25-CV-00285-SAH, ECF 33 (D. Wyo. Feb. 23, 2026). Inconsistent treatment of the same information between tribunals would undermine the purpose of protective orders and frustrate the disclosure-cooperation balance they are designed to achieve.

**14.** Furthermore, the Defend Trade Secrets Act mandates that federal courts take action to preserve the secrecy of an alleged trade secret. 18 U.S.C. § 1835(a) ("the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). The previously submitted predicates for this Court's sealing orders establish that each category of protected information satisfies the DTSA definition of trade secret under 18 U.S.C. § 1839(3) and is the subject of reasonable efforts to maintain its secrecy. *See* First Motion to Seal, ECF 7 at 2-8 (Brimen Decl. at ¶¶7–9), Second Motion to Seal, ECF 8 at 2-4 (*Id.*), Third Motion to Seal, ECF 27 at 2-4 (Ex. C., Supp. Brimen Decl. at ¶¶4, 5, 7, 10-12 (Exs. 18, 19, 24)); January 22, 2026 Minute Orders (granting ECF 7, 8); March 2, 2026 Minute Order (granting ECF 27); *see also* **Exhibit C**. Entry of a protective order is the logical continuation of the same efforts.

**15.** Finally, the proposed protective order's coverage of previously sealed confidences does not create new restrictions on previously unrestricted information. It formalizes confidentiality obligations that predated this litigation, were recognized by the Wyoming federal court before this motion was filed, and were expressly invoked at the moment of each sealed transmission. Three independent layers of pre-existing obligation justify the proposed application.

7

**Layer 1 — Contractual Non-Disclosure Obligations.** Respondent's confidentiality obligations as to each category of protected information predate this proceeding. Próspera Africa Operating Agreement Section 8.5(a) expressly prohibits disclosure of "trade secrets . . . financial information, non-public or proprietary documents or materials" and "any other confidential information" of the Company, binding all Members—including Respondent as former Member and current Economic Interest Holder—as well as prohibiting conduct contrary to Company interests. First Motion to Seal, Brimen Decl. ¶8(b); Second Motion to Seal, ECF 8 at 2-4.

The November 12, 2023 Non-Disclosure Agreement between Respondent and NeWay Capital LLC covers "trade secrets, know-how, ideas, business plans, economic expectancies, pricing information, the identity of and any information concerning investors, business contacts, contractors," and all other categories of information encompassed by the four protected categories. ECF 7, 8 (Brimen Decl. ¶8(b)); *see also* **Exhibit C**.

The Independent Contractor Agreement NDAs for each of Petitioner's Key Personnel (as identified in Exhibits 18 and 19 to the Supp. Brimen Decl. attached to ECF 27, incorporated herein by reference), carry 24-month confidentiality tails from termination, remain currently binding, and define Confidential Information to include each agreement itself and the respective Key Personnel member's status as a key person contractor for Próspera Africa. Third Motion to Seal, ECF 27 at 2-4 (Ex. C., Supp. Brimen Decl. at ¶¶4, 5, 10 (Exs. 18 (¶¶2, 5), 19 (¶¶2-5))). They also contain provisions authorizing both sealing and protective orders for Confidential Information. *Id.* Exs. 18 (¶7), 19 (¶7).

The protected category-to-NDA mapping is thus complete across all four categories: Target Country identification maps to "business plans" and "economic expectancies"; Target Property descriptions and valuations map to "pricing information" and economic information; Key Personnel identities map to "the identity of . . . business contacts, contractors"; investor

relationships map to "the identity of and any information concerning investors"; and passive investor names are covered by OA Section 8.5 and Wyoming statutory protections.

**Layer 2 — Confidential CV-5.2 Transmission.** On February 18, 2026, Petitioner served the unredacted Second Supplemental FRCP 7.1 Disclosure Statement on Respondent's counsel outside CM/ECF pursuant to Local Rule CV-5.2, by email to Katherine Chiarello, copied to Kate Watson Moss and Jeanette K. Doran. **Exhibit E**. The transmittal email stated expressly: "Please maintain the confidentiality of the unredacted information pursuant to its sealed status." *Id.* The email's own confidentiality notice separately stated that "any distribution of this message by any person who is not the intended recipient is strictly prohibited"—a distribution restriction tracking the operative scope of Attorneys' Eyes Only designation. *Id.* The accompanying cover letter to the Clerk, served on Respondent's counsel, requested that Petitioner be excused from facsimile service specifically due to "uncertainty as to the privacy of facsimile service," reflecting Petitioner's election of the most privacy-preserving transmission channel available. *Id.* Similar caveats accompanied the transmittal of Petitioner's original FRCP 7.1 disclosure as well.

Local Rule CV-5.2 requires service of sealed documents by counsel to counsel outside the electronic filing system. A reading of CV-5.2 that imposes no obligation of confidential handling by counsel would render the protocol superfluous, which is contrary to the surplusage canon. *See generally Corley v. United States*, 556 U.S. 303, 314 (2009); *Tex. Educ. Agency v. U.S. Dep't of Educ.*, 908 F.3d 127, 133 (5th Cir. 2018). CV-5.2, therefore, logically presupposes that receiving counsel will handle material furnished for purposes of compliance with the rule confidentially.

**Layer 3 — The Wyoming Stipulated Protective Order.** On February 23, 2026, the United States District Court for the District of Wyoming entered the Order Granting the Parties' Stipulated Protective Order in *Wade v. Prospera Africa LLC et al.*, No. 25-CV-00285-SAH, ECF 33 at 1, "having found good cause" under Federal Rule of Civil Procedure 26(c). The Wyoming

order covers essentially the same categories of information at issue here, including "names of passive investors" and "private business information" subject to AEO designation where production would cause or threaten potential injury or harm to the producing party. *Id*.

**16.** The proposed protective order thus designates as Classified Information documents and information currently maintained under seal or in redacted form on this Court's docket, and information transmitted under sealed status with express confidentiality restrictions. This is not restriction of previously unrestricted information. Every document and category addressed by the provision was subject, at the moment of its creation or disclosure, to at least one of the three layers of pre-existing confidentiality obligation described above.

### III. THE PROPOSED ORDER SUBSTANTIALLY CONFORMS TO APPENDIX H-2

**17.** The Proposed Order attached hereto as **Exhibit A** substantially conforms to the Appendix H-2 format prescribed by Local Rule CV-26(c), incorporating the standard H-2 three-tier designation structure ("Confidential," "For Counsel Only," and "Attorneys' Eyes Only"), the H-2 framework for Qualified Persons, designation criteria, use restrictions, marking procedures, deposition protocols, challenge mechanisms, and all other standard H-2 provisions. It also contains reasonable case-specific adaptations to the standard H-2 form, each supported by the record.

### IV. RELIEF REQUESTED

**18.** For all of the foregoing reasons, Petitioner respectfully requests that the Court enter the Proposed Confidentiality and Protective Order attached hereto as **Exhibit A**, with **Exhibit B** (Declaration of Expert or Consultant) incorporated therein. The Brimen and Supplemental Brimen Declarations supply exactly the particularized, sworn, dollar-denominated, category-specific showing that *In re Terra*, 134 F.3d at 306, requires for such relief. The protected categories are not

asserted; they are demonstrated—with specific dollar figures, identified contractual instruments, named counterparties (in the sealed record), and concrete competitive harm pathways for each. ECF 7, 8, 27, 38 (Brimen Decl. ¶¶7–9; Supp. Brimen Decl. ¶¶7, 9–11); *see also* **Exhibit C**.

Dated: March 29, 2026                    Respectfully submitted,

                                                  /s/ Jeanette K. Doran
                                                  **Jeanette K. Doran**
                                                  *(pro hac vice)*
                                                  Law Office of Jeanette K. Doran
                                                  2012 Timber Drive
                                                  Raleigh, NC 27604
                                                  NC State Bar No. 29127
                                                  Email: jeanette@jkdoranlaw.com
                                                  Tel: 919-332-2319
                                                  *Lead Counsel for Petitioner Próspera Africa LLC*

                                                  /s/ Nicholas C. Dranias
                                                  **Nicholas C. Dranias**
                                                  Nick Dranias Law & Policy Analysis LLC
                                                  3145 E. Chandler Blvd. Ste. 110-645
                                                  Phoenix, AZ 85048
                                                  TX State Bar No. 24101333
                                                  Email: ndranias@ndlawpolicy.com
                                                  Tel: 602-228-2582


                                                  *Non-Resident Local Counsel for Petitioner*
                                                  *(Admitted to practice in U.S. District Court,*
                                                  *Western District of Texas) (Sponsor)*

11

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that on March 29, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record in compliance with the service requirements of the applicable rules. In addition, I will serve or cause to be served on March 29, 2026 a courtesy copy of such filing via electronic mail to the law firm(s) and attorney(s) of record for Respondent, as well as by facsimile to counsel of record for Respondent at Benesch, Friedlander, Coplan & Aronoff LLP.

/s/ Nicholas C. Dranias
**Nicholas C. Dranias**
Non-Resident Local Counsel for Petitioner
(Admitted to practice in U.S. District Court,
Western District of Texas) (Sponsor Only)