# EXHIBIT D

Caleb C. Wilkins, WSB #7-5527
John A. Martin, WSB #8-7259
COAL CREEK LAW LLC
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, WY  82003-0467
P: (307) 634-1525
F: (307) 638-7335
cwilkins@coalcreeklaw.com
jmartin@coalcreeklaw.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MAGATTE WADE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROSPERA AFRICA LLC, NEWAY CAPITAL )<br>LLC, ERICK BRIMEN, NICHOLAS DRANIAS )<br>and TOM MURCOTT, )<br>)<br>Defendants. ) | Docket No.: 25-CV-00285-SAH |

---

### DEFENDANT NEWAY CAPITAL LLC'S MOTION TO STRIKE, FOR FURTHER INJUNCTIVE RELIEF, AND FOR SANCTIONS FOR PLAINTIFF'S VIOLATION OF PROTECTIVE ORDER

---

COME NOW, Defendant NeWay Capital, LLC ("NeWay" or "Defendant"), by and through its attorneys Caleb C. Wilkins and John A. Martin of Coal Creek Law LLC, and hereby submits its *Motion to Strike, for Further Injunctive Relief, and For Sanctions for Plaintiff's Violation of Protective Order*.

### STATEMENT OF CONFERRAL

Counsel for NeWay has conferred with counsel for Plaintiff to seek a good faith resolution of the matters set forth in this motion. All such efforts have failed thereby necessitating this motion.

### BACKGROUND

Defendant Próspera Africa LLC ("PALLC") and its member, NeWay, operates in highly

competitive and emerging markets, where first-mover advantage is critical. Its business depends on maintaining strict confidentiality regarding investors, target locations, and relationships with local leaders who help establish special economic zones. Protecting this information is essential to preserving PALLC and NeWay's competitive edge. *See* (ECF No. 38-2).

To safeguard its competitive position, NeWay has relied on the confidentiality guarantees of the PALLC operating agreement, *see, e.g.*, (ECF No. 46-1), and has taken extensive measures to protect confidential information in its own right.[1] These measures include numerous confidentiality agreements, protective orders in litigation, and data segregation. During her tenure as a C-suite executive, Ms. Wade enjoyed access to much—but not all—of PALLC's confidential information subject to confidentiality agreements. She later breached her fiduciary duties— including signing both sides (as both assignor and assignee) of an assignment of intellectual and intangible assets owned by PALLC that she sold to PALLC for $1,000,000 in founder's equity and usurping company attorney-client relations, including client confidences—leading PALLC to initiate arbitration proceedings against her. Because of Ms. Wade's past actions, NeWay—both as a member of PALLC and in its own right—has an independent and unique interest in shielding additional confidential information from Ms. Wade and preventing her from releasing existing information to the public.

Given the sensitivity of NeWay's confidential information and the existing confidentiality agreements, *see* (ECF Nos. 46-1 & 46-2), the Parties sought and obtained an *Order Granting the Parties' Stipulated Protective Order* ("Protective Order") (ECF No. 33) to ensure efficient transmission of documents and information in this litigation. The Protective Order provides:

---

[1] NeWay is currently prosecuting a $1.25 million claim under its non-disclosure agreement with Ms. Wade in the Arizona state court case of "NeWay Capital LLC v. Magatte Wade," pending in Maricopa County Superior Court under case number CV2026-007751.

> A party, and non-parties that disclose information in connection with this action, may designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains information concerning any of the above-listed categories in Paragraph 4 and the production to the other party would cause or threaten to cause potential injury or harm if such information were to be disclosed to the other party.

(ECF No. 33, ¶ 5). Under Paragraph 4, a party may designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") if it includes certain categories of information like "private business information relating to the business affairs of either party" and "the names of passive investors." *Id.* ¶ 4. This Protective Order was sought and obtained solely to enable the timely completion of litigation over the motion to dismiss or stay pending before this Court.

As part of this litigation, and subject to the confidentiality guarantees of PALLC's operating agreement, NeWay disclosed a detailed copy of its member list ("Confidential List") containing highly confidential information that, if publicly released, would irreparably harm NeWay and PALLC and interfere with future business operations. (ECF No. 38-2). Such information likely qualifies for trade secret protection under various laws including the Defend Trade Secrets Act and Wyoming Uniform Trade Secrets Act, and PALLC and NeWay has taken extensive steps to maintain the confidentiality of the same. *See id.*[2] This information was also disclosed to Plaintiff's counsel as required by law under Fed. R. Civ. P. 7.1 due to the multi-tier look-through of membership required to assess diversity jurisdiction. Except for a similar disclosure made under court seal in the Texas confirmation case, Ms. Wade was not previously aware of this information. As such, the Confidential List was marked as "Confidential – Attorneys' Eyes Only."

On March 6, 2026, Plaintiff filed *Plaintiff's Opposition to Defendants' Motion to Stay*

---

[2] Courts have routinely recognized that a litigant does not need to describe trade secrets or confidential information with particularity in public pleadings as such description would undermine the confidentiality of the same. *Credit Sage LLC v. Credit Wellness LLC*, No. 1:23-CV-110-SWS, 2024 WL 99474, at *4 (D. Wyo. Jan. 9, 2024); *ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC,* 407 F. Supp. 3d 1186, 1200 (W.D. Okla. 2019)

*Proceedings in Favor of Arbitration or, in the Alternative, Motion to Dismiss* ("*Opposition*"). (ECF No. 43).[3] The *Opposition* included the name of one of the passive members from the Confidential List which indicated that a breach of the Protective Order had occurred. (ECF No. 43, at 17, 18). Upon discovery of the same, undersigned counsel notified Plaintiff's counsel of the issue via phone on March 9, 2026 and requested remedial action be taken. After Plaintiff failed to take remedial steps, undersigned counsel notified Plaintiff's counsel via phone and email on March 10, 2026, that Defendant would be forced to seek relief under the Protective Order unless Plaintiff corrected her error. At the time, Plaintiff admitted that the disclosed portions of the Confidential List were marked as Attorneys' Eyes Only under the Protective Order and that such information had been disclosed in a public filing. Plaintiff's more recent filings indicate that Plaintiff intends to disclose such AEO information in future filings as well.

As relevant, Paragraph 19 of the Protective Order provides:

> In the event that anyone subject to this Order violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

(ECF No. 33, ¶ 19). Because Plaintiff has (a) already violated the Protective Order and (b) is further threatening to violate the Protective Order, Defendant is entitled to relief under the Protective Order, Paragraph 19.

Accordingly, to enable the timely completion of the pending litigation over the pending motion to dismiss or stay, Defendant requests the Court: (1) strike (ECF No. 43) for the disclosure

---

[3] Of similar concern, Plaintiff represents that "Plaintiff has met and conferred with Defendant regarding proposed redactions." (ECF No. 41). Plaintiff did not confer with Defendant regarding redactions. Rather, Defendant contacted Plaintiff to notify her that Defendant had no objection to *Plaintiff's Unopposed Motion to File Opposition to Defendants' Motion to Dismiss as Non-Public.* There was no discussion of redactions.

of AEO information; (2) enter an injunction preventing Plaintiff from revealing further AEO and confidential business information, pursuant to Paragraph 19 of the Protective Order; and (3) further consistent relief under Rule 37 and the Court's inherent authority.

**STANDARD OF REVIEW**

As a general rule, "attorneys' eyes only" provisions are "a practical and cost-effective way to protect their respective interests in their most sensitive information ... while complying with their obligations for discovery." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 247 (D. Kan. 2010). "The purpose of this form of limited disclosure is to prevent a party from viewing the sensitive information while nevertheless allowing the party's lawyers to litigate on the basis of that information." *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202–03 (10th Cir. 2014) (quoting *In re City of New York*, 607 F.3d 923, 935 (2d Cir. 2010)).

Courts look to the plain meaning of a protective order to determine if a violation occurred. *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Upon entry of a stipulated protective order, "the parties must comply with the terms of the protective order or subject themselves to possible sanctions." *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 592 (D. Kan. 2012). If a party fails to obey with a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Additionally, "[s]anctions for civil contempt may only be employed for two remedial purposes: (1) to coerce obedience to a court order; or (2) to compensate the complainant for injuries resulting from non-compliance with a court order." *Ross v. Univ. of Tulsa*, 225 F. Supp. 3d 1254, 1268 (N.D. Okla. 2016). "To establish civil contempt, the complainant need only establish 'that a

5

valid court order existed, that the [party] had knowledge of the order, and that the [party] disobeyed the order. The contemnor's disobedience need not be 'willful' to constitute civil contempt." *Systemic Formulas, Inc. v. Kim*, No. 1:07-CV-159 TC, 2009 WL 5205995, at *2 (D. Utah Dec. 23, 2009) (quoting *Bad Ass Coffee Co. of Haw., Inc. v. Bad Ass Coffee Ltd. P'ship*, 95 F.Supp.2d 1252, 1256 (D. Utah 2000)).

**ANALYSIS**

For the reasons set forth below, Defendant request the Court enter an injunction: (1) striking Plaintiff's *Opposition* for violating the Protective Order; (2) providing injunctive relief by preventing Plaintiff from filing motions with her threats of further violating the Protective Order; and (3) imposing sanctions.

### I.    Plaintiff's AEO Violation

Plaintiff violated the Protective Order by including AEO information in the *Opposition*. (ECF No. 43, at 17, 18). Specifically, Plaintiff stated one of the Defendants "is also a member of NeWay through [passive investor name]" and "is a financial beneficiary of NeWay through [passive investor name]." *Id.* Plaintiff obtained this information from a document attached to an email sent by the undersigned on February 25, 2026 noting the AEO status of the document. *See* (ECF No. 35-1, at 7). Therein, the attached document stated "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" on the top of the document, and the undersigned *specifically* mentioned the AEO nature of the document. *Id.* No party appears to contest such fact, and no party has challenged such AEO designation.

The Protective Order sets forth a straightforward process to challenge confidentiality designations. (ECF No. 33, ¶ 14). However, Plaintiff has made no attempt to challenge the designation above or even attempt to confer on a change in the same. Even after being notified of

6

the wrongful disclosure of AEO information, Plaintiff has refused to remedy the same and has indicated she intends to release additional information in public filings. As such, the continued violation of the Protective Order is willful. *See S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010) ("[B]y their plain language, the protective orders prohibited the disclosures of Confidential Information[.]").

**II.        Striking Offending Filings and Injunctive Relief Under the Protective Order**

Because there is no dispute that Plaintiff violated the Protective Order, Defendant is an "aggrieved party [who] may apply immediately to obtain injunctive relief against any such violation." (ECF No. 33, ¶ 19). Further, the Parties in the Protective Order agreed to the entry of an injunction specifically noting, that a violator "shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law." *Id.* Therefore, Plaintiff requests the Court strike the *Opposition* (ECF No. 43) and remove it from the public docket. Absent such remedy, confidential information will remain exposed not just to Ms. Wade but to the public in general. If such information remains exposed, it will jeopardize NeWay's business operations with no remedy at law or equity to cure or recompense the same.

Additionally, Defendant requests the Court enter injunctive relief to prevent the disclosure of confidential information while the related AAA proceeding is ongoing. As noted in the exhibits attached to Plaintiff's *Motion for a Protective Order*, Plaintiff is bound by certain confidentiality agreements. (ECF Nos. 46-1 & 46-2). Whether Plaintiff breached those confidentiality provisions is currently being litigated in arbitration.[4] *See* (ECF No. 25-8, at 33–36). Absent injunction, the

---

[4] Defendant affirmatively states that this filing is not intended to waive any arguments listed in *Defendants' Motion to Stay Proceedings in Favor of Arbitration or, in the Alternative, Motion to Dismiss.* The matters set forth herein are currently being litigated, or must otherwise be litigated, before the American Arbitration Association, in Commercial Arbitration Tribunal Case No. 01-25-0005-4650 and this filing is intended to preserve the arbitrability of the same by enabling the timely completion of the pending motion litigation.

public dissemination of confidential information will undermine any ultimate relief granted in the AAA matter.

### A. Sanctions and Contempt

In addition, Defendant request the Court grant Defendant its attorney fees and exercise the Court's inherent authority to sanction Plaintiff's conduct to prevent future violations of the Protective Order. While Defendant acknowledges such remedies are rare, Plaintiff has generally shown complete disregard for her violations. Specifically, Plaintiff's counsel has been notified by Defendant's counsel *multiple* times—via email and phone calls—of her AEO violation. Despite these requests, Plaintiff has failed to take any corrective action.

If a party fails to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, as explained above, Plaintiff violated the Protective Order by disclosing information under AEO designation as part of informal jurisdictional discovery. Because Plaintiff violated the Protective Order and has taken no corrective steps, Defendant is entitled to an award of attorneys' fees.

As an additional remedy, courts often utilize contempt as a remedy for willful violations of protective orders. In another case, the court stated the offending party "failed to take the simple step of requesting the Court's permission. These violations support a finding of civil contempt." *Ross v. Univ. of Tulsa*, 225 F. Supp. 3d 1254, 1268 (N.D. Okla. 2016). While the 'disclose now, ask for forgiveness later' approach justifies a finding of civil contempt and sanction," *id.* at 1269, Plaintiff in the instant case has demonstrate no remorse for her error and has indicated intent to pursue further violations of the Protective Order. Accordingly, the Court must impose sanctions

to: (1) deter future violations of the Protective Order; (2) restore Defendant's trust that the transmission of confidential information will be honored; (3) to compensate Defendant for defending such knowingly violations; and (4) any other relief the Court deems appropriate. *See Ross*, 225 F. Supp. 3d at 1269; *Systemic Formulas, Inc. v. Kim*, No. 1:07-CV-159 TC, 2009 WL 5205995, at *3 (D. Utah Dec. 23, 2009).

### CONCLUSION

Based on the foregoing analysis, to enable the timely completion of the pending litigation over the pending motion to dismiss or stay, Defendant requests the Court: (1) strike (ECF No. 43) for AEO violations; (2) enter an order prohibiting Plaintiff from disclosing additional AEO and confidential information; and (3) impose sanctions on Plaintiff, including the imposition of attorneys' fees and other relief, for known AEO violation without any remedial steps despite multiple advisements.

Dated this 16th day of March, 2026.

NEWAY CAPITAL LLC

By: */s/ Caleb C. Wilkins*
　　Caleb C. Wilkins, WSB #7-5527
　　John A. Martin, WSB #8-7259
　　COAL CREEK LAW LLC
　　211 W. 19th Street, Suite 300
　　P.O. Box 467
　　Cheyenne, WY  82003-0467
　　P: (307) 634-1525
　　F: (307) 638-7335
　　cwilkins@coalcreeklaw.com
　　jmartin@coalcreeklaw.com
　　*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of March 2026, a true and correct copy of the foregoing *Motion to Strike, for Further Injunctive Relief, and For Sanctions for Plaintiff's Violation of Protective Order* was served by CM/ECF e-service upon the following:

> Hirst Applegate, LLP
> Attn: Khale J. Lenhart & Catherine M. Mercer
> klenhart@hirstapplegate.com
> cmercer@hirstapplegate.com

and was sent via US Mail, First Class postage prepaid, and email to the following:

> Benesch, Friedlander, Coplan & Arnoff
> Attn: Eric Schlabs, Rena Andoh,
> 7155 Avenue of the Americas
> New York, NY 10036
> eschlabs@beneschlaw.com
> randoh@beneschlaw.com

> Benesch, Friedlander, Coplan & Arnoff
> Attn: Kate Watson Moss & Olivia Sullivan
> 71 S. Wacker Drive, Suite 1600
> Chicago, IL 60606
> kwatsonmoss@beneschlaw.com
> osullivan@beneschlaw.com

*/s/ Caleb C. Wilkins*
COAL CREEK LAW LLC

10